Robert L. Hobbins and Douglas R. Christensen, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Stephen D. Gordon and Teresa K. Fett, Gordon–Miller–O'Brien, Minneapolis, Minn., for defendant.

**SAINT MARYS HOSPITAL, Plaintiff,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 756, Defendant.**

No. Civ. 3–90–664.

United States District Court, D. Minnesota, Third Division.

Oct. 29, 1991.

## ORDER

DEVITT, District Judge.

### Introduction

Plaintiff, Saint Marys Hospital ("the Hospital"), filed suit against defendant, International Union of Operating Engineers, Local 756 ("the Union"), seeking to vacate an arbitrator's award to the Union. The issue before the Court on the parties' cross motions for summary judgment is whether the issue submitted to the arbitrator was arbitrable. For the reasons set forth below, this Court finds that the issue was not arbitrable and that the arbitrator's award must therefore be vacated.

The Court has jurisdiction over this matter pursuant to § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

### Facts

The Hospital is a private, not-for-profit corporation. It employs about 4200 employees. Twenty-one of those employees ("Union Members") staff the Hospital's power plant and are covered by a collective bargaining agreement between the Hospital and the Union. Although two other unions represent about 860 of the Hospital's other employees, most employees are not represented by any union and are not covered under any collective bargaining agreement.

The Hospital and the Union entered into a three year collective bargaining agreement ("the Agreement"), fixing the terms and conditions of employment for Union Members. Article III of the Agreement provides in relevant part, "The Hospital

and Union agree not to discriminate against any employee or prospective employee because of membership or activity in the Union...." Article X provides a procedure for the presentation, adjustment, and settlement of complaints or grievances that are within the scope of the Agreement. If necessary, the final step of the procedure is binding arbitration. The Agreement was in effect at all times relevant to this action.

After the parties entered into the Agreement, the Hospital announced a package of new and revised benefits for its employees not covered by any collective bargaining agreement. The package included a Scholarship Plan. One of the Union Members submitted an application for a scholarship and was told he was ineligible to apply because he was a member of the Union.

The Union responded by filing a grievance alleging that the Hospital had violated Article III of the Agreement ("the Nondiscrimination Clause") by not extending eligibility for the Scholarship Plan to Union Members. The Union claimed that the Hospital's action constituted discrimination against its members on the basis of their membership in the Union.

The parties were unable to resolve their dispute and submitted it to an arbitrator for determination. The Hospital, prior to and at the time of submission, asserted its position that the issue to be determined was not arbitrable. Nevertheless, the Hospital agreed that the arbitrator could consider the question subject to the Hospital's reservation of rights.

The arbitrator found the grievance arbitrable, sustained the Union's grievance, and ordered the Hospital to extend the Scholarship Plan to Union Members.

### Discussion

For determination here, on cross motions for summary judgment is the main issue of whether the Scholarship Plan offered by Saint Marys Hospital of Rochester *only* to its nonunion employees discriminates unfairly against its union employees, is an arbitrable grievance under the labor contract between the Hospital and the Union.

On the record, briefs, and oral arguments, the Court is satisfied such is not an arbitrable issue for decision by an arbitrator because it was not one within the scope of the agreement between the parties. To put it in another way, the award did not draw its essence from the labor agreement. In short, the Agreement between the Hospital and the Union did not provide for a scholarship plan for children of Union Members and the arbitrator exceeded his province in so providing. Whether a scholarship plan should be available to Union Members is an issue to be negotiated by the parties, not decreed by the arbitrator. *Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); *Centralab, Inc. v. Local No. 816*, 827 F.2d 1210 (8th Cir.1987).

### ORDER

Based upon the file, briefs, and arguments, it is ordered:

Plaintiff's motion for Summary Judgment is GRANTED. Defendant's motion for Summary Judgment is DENIED.